In the
United States Court of Appeals
For the Seventh Circuit

No. 01-2104

Blue Canary Corporation,

Plaintiff-Appellant,

v.

City of Milwaukee,

Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 99 C 934--John W. Reynolds, Judge.

Submitted October 11, 2001--Decided November 7, 2001

Before Flaum, Chief Judge, and Posner and
Evans, Circuit Judges.

Posner, Circuit Judge.  Several months
ago we upheld against a challenge based
on the free speech clause of the First
Amendment Milwaukee's refusal to renew
the plaintiff's liquor license. 251 F.3d
1121 (7th Cir. 2001). The plaintiff had
bought a tavern in Milwaukee that
entertained its patrons with polkas. The
plaintiff obtained its own liquor license
and shortly afterward changed the name of
the tavern and applied for and received a
"cabaret license," which permits a tavern
to provide entertainment in the form of
dancing by performers. On the application
form the plaintiff's manager checked
"floor shows" rather than "exotic
dancers/male and/or female strippers,"
and at a hearing on the application she
explained that she wanted to put on "Las
Vegas style" nightclub acts. But instead,
after receiving the cabaret license, the
tavern put on shows in which the
performers danced in only pasties and
bikini bottoms, with some weird touches
such as dancers who sucked on their
breasts while hanging upside down. The
erotic character of the entertainment was
not concealed. One dancer allowed a
customer to slip money between her
breasts. Another acknowledged that she
tried to "turn guys on" in order to get
tips. Others simulated intercourse.

Fearing that the City's refusal to renew the tavern's liquor license would stand--as indeed it did, as a result of our previous decision--the plaintiff applied for a license to use the premises for a burlesque theater that would provide the same entertainment described in the preceding paragraph (and characterized by the plaintiff itself as "burlesque dancing which features dancers who are nude or semi-nude") but without sale of alcoholic beverages. The City denied the application on the basis of the provision of its zoning ordinance governing proposed land uses that are not listed in the ordinance. Such a use must conform to the rules applicable to a "similar" use that is listed. Milwaukee Code of Ordinances sec. 295-27. Burlesque theaters are not a listed use, but are similar, the City's zoning commissioner determined, to "adult motion picture theater[s]," which are a listed use--and a use that is banned in the part of Milwaukee in which the plaintiff's premises are located because it abuts a residential area. Milwaukee Code of Ordinances sec.sec. 295-14-9, 295-322-10e. So the application was denied, precipitating this suit, which claims that the denial violated the plaintiff's right of free speech. The district court dismissed, precipitating this appeal.

The City has not prohibited the plaintiff from operating a burlesque theater, with or without nudity. It has merely prohibited the operation of such a theater in proximity to a residential neighborhood. Milwaukee is a large city and the plaintiff does not deny that there are abundant convenient locations in which the operation of such a theater would not violate the City's zoning law. In these circumstances, as we said in our previous opinion, "the impairment of First Amendment values is slight to the point of being risible, since the expressive activity involved in the kind of striptease entertainment provided in a bar has at best a modest social value and is anyway not suppressed but merely shoved off to another part of town, where it remains easily accessible to anyone who wants to patronize that kind of establishment." 251 F.3d at 1124. True, a theater is not a bar; we remarked that "liquor and sex are an explosive combination, so strip joints that sell

liquor are particularly unwelcome in respectable neighborhoods," id., and this concern is inapplicable to the proposed operation of the plaintiff's premises as a theater. But the impairment of free speech is still minimal and is outweighed by the legitimate social interest in segregating sex-oriented businesses from residential land uses. As we noted in our previous opinion, "countless cases allow municipalities to zone strip joints, adult book stores, and like erotic sites out of residential and the classier commercial areas of the city or town." Id. To the cases cited there we now add David Vincent, Inc. v. Broward County, 200 F.3d 1325, 1333-37 (11th Cir. 2000); D.H.L. Associates, Inc. v. O'Gorman, 199 F.3d 50, 59-60 (1st Cir. 1999); Buzzetti v. City of New York, 140 F.3d 134, 140-41 (2d Cir. 1998); Z.J. Gifts D-2, L.L.C. v. City of Aurora, 136 F.3d 683 (10th Cir. 1998), and Alexander v. City of Minneapolis, 928 F.2d 278, 282-84 (8th Cir. 1991).

The plaintiff argues that allowing the zoning commissioner to determine whether an unlisted use is "similar" to a listed one injects an impermissible degree of discretion into the administration of the zoning law. And it is true that the case law expresses concern about arming public officials with discretion to deny expressive activities, lest that discretion be used to suppress unpopular speech. E.g., City of Lakewood v. Plain Dealer Publishing Co., 486 U.S. 750, 757 (1988); Heffron v. International Society for Krishna Consciousness, Inc., 452 U.S. 640, 649 (1981); MacDonald v. City of Chicago, 243 F.3d 1021, 1026 (7th Cir. 2001); Steele v. City of Bemidji, 257 F.3d 902, 907 (8th Cir. 2001). But some degree of discretion is an unavoidable feature of law enforcement. Ward v. Rock Against Racism, 491 U.S. 781, 794 (1989). Legislatures are not omniscient and cannot be expected to enumerate every possible land use that might present a zoning issue. The use of a term such as "similar" to stop up potential loopholes is not forbidden by the First Amendment, cf. Gold Coast Publications, Inc. v. Corrigan, 42 F.3d 1336, 1348-49 (11th Cir. 1994) ("equivalent"), at least where no feasible alternative is suggested. And there is no reasonable doubt that a burlesque theater that exhibits nudedancing is similar to an adult movie

theater. Both are theaters, both present erotic entertainment, and if anything a live sex show is more erotic than a celluloid one.

Affirmed.